JUDGE SULLIVAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK '08 CIV 3805

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ILANA DAYAN ZADIK
Ruth 25, Haifa,
Israel, 34404,

                      *Plaintiff,*

             v.

AGORA GALLERY
530 West 25th Street, New York, NY 10001

and

ARIEL KAHANA
733 Amsterdam Avenue, New York, NY 10025

                    *Defendant(s).*

         :   Civil Action

         :   No. 08 Civ 3805

         :   JURY TRIAL DEMANDED



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

    Plaintiff Ilana Dayan Zadik ("Zadik"), by and through her undersigned attorneys,
sets forth and alleges the following causes of action:

    1.    Defendant Agora Gallery ("Agora"), breached the contract Zadik had with
Agora by discarding, delivering to the Salvation Army, misappropriating for their employees'
personal use, and otherwise causing the loss of or damages to fifteen (15) paintings that Zadik
created and entrusted to Agora.

    2.    Zadik learned that Agora had taken such actions only when she was
contacted by an individual who had bought one of her discarded paintings from the Salvation
Army for approximately $50.

3.      When Zadik contacted Angela Di Bello ("Di Bello"), the Director of the gallery, to inform her of this Di Bello did not seem remotely surprised.  Instead Di Bello requested that Zadik send her an email and indicated that she would send the information to the owner of the gallery, Ariel Kahana ("Kahana").

4.      Agora and its owner admitted liability by filing a claim with their insurance carrier and notifying Zadik of same.  Kahana emailed Zadik on August 20, 2007  to inform her that "I have filled [sic] a claim with my insurance carrier regarding the matter of your artwork and they will contact you soon."

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action, pursuant to 28 USC § 1332(a), as the action is between a citizen and resident of Israel, and citizens of the State of New York and companies incorporated in and/or doing business in the State of New York.

6.      Venue is proper in this district, pursuant to 28 USC § 1391, as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred.  Moreover, all Defendants either reside in New York or have their principal place of business within the Southern District of New York.

## PARTIES

7.      Plaintiff Ilana Dayan Zadik resides at Ruth 25, Haifa, Israel, 34404 and is a citizen of Israel.

8.     Upon information and belief, defendant Agora Gallery is a company incorporated in the State of New York, with its principal place of business at 530 West 25th Street, New York, NY 10001.

9.     Upon information and belief, defendant Arial Kahana is a citizen and resident of the state of New York, residing at 733 Amsterdam Avenue, New York, NY 10025. Upon information and belief, Kahana is the owner of Agora Gallery.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     Zadik entered into a contract with Agora on June 1, 2005.  A true and correct copy of the contract is attached as Exhibit 1.

11.     No reference was made in the contract to the transfer of ownership of an artist's works to the gallery upon nonpayment or, indeed, under any other circumstances.

12.     The only reference in the contract to the transfer of ownership or the transfer of rights referred to the artist's portfolio, not to the works themselves.

13.     Clause 2 of the contract states, "We will keep your *portfolio* (slides, CD, or photographs) for promotional purposes. We will use reasonable efforts to return your portfolio to you at the end of our representation of you; however, you acknowledge that we are under no obligation to do so." (emphasis added).

14.     The definition of *portfolio*, as it applies to works of art, is "A portable case for holding material, such as loose papers, photographs, or drawings....The materials collected in such a case, especially when representative of a person's work: *a photographer's portfolio; an artist's portfolio of drawings.*"  See http://www.answers.com/topic/portfolio?cat=biz-fin (emphasis in original), attached as Exhibit 2.

15.    The terms of the contract required Zadik to deliver her paintings to Agora for display at the gallery. Zadik was required to pay Agora $10,000 to display and attempt to sell her paintings.

16.    Zadik delivered 15 paintings to the gallery; of these four (4) were oil paintings ranging in value from $18,000 to $30,000 and eleven (11) were acrylic paintings ranging in value from $8,500 to $9,500.

17.    Zadik delivered her paintings to Agora with the expectation that they would be displayed at the gallery and subsequently returned to her if they were unable to be sold.

18.    Zadik's works of art were displayed at the gallery from November 11, 2005 to December 1, 2005.

19.    In late December 2005 / early January 2006, Zadik ran into financial difficulties and was unable to pay the full amount due under the contract.

20.    Angela Di Bello, the Director of Agora and Zadik's primary contact at the gallery, gave no indication that Zadik's lack of full payment would lead the gallery to discard her paintings as if they were yesterday's trash.

21.    Pursuant to the shipping agreement Zadik signed on September 9, 2005, "Artwork left for more than 45 days after the exhibition pick up date, *without a written gallery authorization*, will become property of Agora Gallery." (emphasis added). A true and correct copy of the shipping agreement is attached as Exhibit 3.

22.    Zadik received written gallery authorization from Di Bello to leave her artwork with Agora Gallery.

23.    When Zadik indicated that she was unable to pay the full amount due under the contract, in an email dated January 14, 2006, Di Bello wrote "Try to do what you can,

it may just take a while. *In the meantime we will continue to try and sell some of the paintings.*" (emphasis added). A true and correct copy of this communication is attached as Exhibit 4.

24.     Absolutely no indication was given in this email, prior or subsequent emails, or any other communications that the paintings would be discarded as a result of nonpayment.

25.     It was permissible and absolutely foreseeable that Zadik would rely on the representations of Di Bello.

26.     Zadik only learned that her paintings had been discarded when she received emails, dated August 9, 2007 and August 10, 2007, and then spoke with Jose Vasquez ("Vasquez") of Rizzoli International inquiring how one may purchase Zadik's paintings and the value of the painting.

27.     Vasquez stated that he had purchased one of Zadik's paintings from the Salvation Army for $50 and that he intended to sell it on Ebay.

28.     When Zadik learned that her paintings had been discarded without her permission, she immediately contacted Di Bello (on August 10, 2007) by phone. Di Bello requested that Zadik send her an email and stated that she would forward the email from Zadik to the owner of the gallery, Kahana.

29.     Di Bello did not express surprise that such actions had been taken by the gallery.

30.     In an email dated August 20, 2007, Kahana admitted liability by stating "I have filled [sic] a claim with my insurance carrier regarding the matter of your artwork and they will contact you soon." A true and correct copy of this communication is attached as Exhibit 5.

31.     Pursuant to the contract between Zadik and Agora, the artwork is insured for up to $10,000 per piece.

32.     Upon information or belief, Agora failed to notify Zadik that they would be discarding her paintings rather than returning them to her.

33.     Upon information or belief, Agora failed to make any attempts to contact Zadik in order to return her paintings to her.

34.     Upon information or belief, Agora failed to contact Zadik to attempt to return her paintings to her.

35.     Upon information or belief, Agora failed to follow up in any meaningful manner on Zadik's partial payment of the amount due under the contract.

36.     Upon information or belief, despite at least seven (7) months having passed between the date of Zadik entered into the contract and the time she discussed her financial difficulties with the gallery, Agora gave no indication that nonpayment would result in Zadik's painting being discarded.

37.     When they were at the gallery, Zadik's paintings were priced at $8,500 to $30,000.

38.     The value attributed to Zadik's paintings is appropriate.  Agora felt it was appropriate to sell the paintings in their gallery for the exact amount for which Zadik is currently seeking recovery.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - BREACH OF CONTRACT

39.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 38, as if fully set forth herein.

40.    The contract that Zadik entered into with Agora did not permit the gallery to take ownership of Zadik's works or to discard them. No reference was made in the contract to the transfer of ownership of an artist's works to the gallery upon nonpayment or under any other circumstances.

41.    Upon information and belief, Agora discarded or caused to be discarded many of Zadik's paintings with which Agora was entrusted.

42.    Upon information and belief, Agora and Kahana misappropriated Zadik's paintings by displaying them or permitting them to be displayed at the residences of Kahana's family or friends. Such actions do not constitute reasonable efforts to return Zadik's paintings.

43.    Agora gave no indication to Zadik that they had ended their representation of Zadik.

44.    Agora failed to use <u>any</u> efforts, much less reasonable efforts, to return Zadik's paintings to her.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - CONVERSION

45.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 44 above, as if fully set forth herein.

46.    Agora and Kahana wrongly exercised dominion and control over Zadik's paintings.

47.    Despite repeated requests, Agora and Kahana have failed to return and have converted at least a portion of them for their own use.

48.    Defendants actions were intentional, malicious and committed with a specific intent to cause harm and a reckless disregard of Zadik's rights.

31617099.WPD                                    7

49.    As a proximate result of Agora and Kahana's conversion, Zadik has been damaged in the sum of $198,000.

50.    In addition, because the acts of Agora and Kahana were intentional, fraudulent, malicious and shocking to the conscience, the Court should award punitive damages in the amount of $3.5 million.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - PROMISSORY ESTOPPEL

51.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 50 above, as if fully set forth herein.

52.    In the alternative, each of the Defendants against whom this Third Claim is asserted is liable to Zadik under the theory of promissory estoppel as alleged herein.

53.    Di Bello, the Director of Agora, assured Zadik that no detrimental actions would be taken against Zadik as a result of nonpayment, that Zadik should "[t]ry to do what you can" with respect to payment and that the gallery would "continue to try and sell some of the paintings."

54.    In reliance on Di Bello's promise, Zadik continued to keep her paintings at Agora.

55.    Zadik would never have continued to keep her paintings at Agora if Di Bello had not assured her that the gallery would continue to attempt to sell them.

56.    Zadik's reliance on Di Bello's promise was reasonable and foreseeable. Agora knew or should have known that Zadik would rely on these promises.

57.    The course of conduct between the parties was such that Zadik reasonably believed she could rely on these promises.

58.    Zadik relied on Di Bello's promise to her detriment.

59.    Zadik has sustained unconscionable injury by reason of her reliance on Agora's promises.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - BAD FAITH

60.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 59 above, as if fully set forth herein.

61.    Defendants have failed to honor their obligations under the contract despite stating that a claim had been submitted to Defendants' insurance company.

62.    The refusal of Defendants to respond to Zadik's demands and honor their obligations according to the terms of the contract was and remains frivolous and unfounded and constitutes bad faith.

63.    Zadik is entitled to recover additional damages for the Defendants' bad faith, plus reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

64.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 63 above, as if fully set forth herein.

65.    Implied in the contract between Agora and its artists is a covenant to act in good faith and deal fairly with the artists; that it will do nothing to interfere with the rights of those individuals and entities to receive those benefits; that it will exercise diligence, good faith, and fidelity in safeguarding the interests of the artists; and that it will deal ethically with those

individuals and will fairly and adequately inform those individuals of the nature and scope of their rights and obligations.

66.    Defendants have breached the implied covenant of good faith and fair dealing by (a) failing to reimburse Zadik the value of each painting; (b) interpreting the terms and conditions of the contract in an unreasonable manner in a blatant effort to avoid providing Zadik the amount of insurance proceeds, per painting, under the contract; (c) inventing spurious grounds for avoidance of payment; and (d) compelling Zadik to initiate this litigation in order to obtain the rights and benefits to which she is clearly entitled under the contract.

67.    Upon information and belief, Defendants committed the wrongful acts alleged above, all in breach of the implied covenant of good faith and fair dealing, for the purpose of willfully and consciously withholding from Zadik the rights and benefits to which she is entitled under the contract.

68.    Upon information and belief, Defendants made a conscious and deliberate effort to deprive Zadik of the benefits for which she bargained.

69.    Zadik has been damaged by Defendants breach of the implied covenant of good faith and fair dealing, including either by not having her paintings returned to her or by not having the full value of the paintings returned to her.

70.    Upon information and belief, Defendants committed the wrongful conduct alleged herein with malice, in conscious disregard of Zadik's rights, and with intent to vex, injure and harass Zadik such as to constitute oppression, fraud or malice.  In accordance with applicable law, Zadik is therefore entitled to punitive damages in an amount deemed appropriate by the Court.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS AGORA GALLERY AND ARIEL KAHANA - UNJUST ENRICHMENT

71.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 - 70 above, as if fully set forth herein.

72.    In the alternative, each of the Defendants against whom this Sixth Claim is asserted is liable to Zadik under the theory of unjust enrichment as alleged herein.

73.    Zadik and Defendants shared a fiduciary relationship.

74.    Defendants breached their fiduciary duties by removing or permitting the removal Zadik's paintings from the gallery without her consent.

75.    Upon information and belief, Defendants breached their fiduciary duties by removing at least some of Zadik's paintings for their own personal use without Zadik's consent.

WHEREFORE, Plaintiff demands a trial by jury on all claims and prays that this Court enter judgment against Defendants, as follows:

A.    Awarding compensatory damages against Agora and Kahana, jointly and severally, in the amount of $198,000, plus prejudgment interest from the date Agora and Kahana first discarded and/or misappropriated the paintings, by removing them from the gallery;

B.    Awarding punitive damages against each of the defendants in the amount of $3.5 million;

C.    Awarding plaintiff her reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting plaintiff such other and further relief as the Court deems just and proper.

Dated: April 21, 2008

Respectfully submitted,

Kaye Scholer LLP

By: _____

Regina O. Kent, Esq.
Arlene Harris, Esq.
425 Park Avenue
New York, NY 10022
(212) 836 - 7198

*Attorneys for Plaintiff, Ilana Dayan Zadik*

EXHIBIT 1



**Agora Gallery**

SOHO·CHELSEA
NEW YORK CITY
212·226·4151 FAX212·966·4380
WWW.AGORA·GALLERY.COM
WWW.ART·MINE.COM

Date: 11/12/2004

Annual REPRESENTATION AGREEMENT
Between Agora Gallery (WE) and (YOU), Ilana Zadik, the artist. Please sign and return within three weeks.

## [1] THE GALLERY'S RESPONSIBILITIES

### A. REPRESENTATION

1) ONE YEAR – Representation begins when we receive the signed representation agreement and requested material.
2) PORTFOLIO – We will keep your portfolio (slides, CD, or photograph) for promotional purposes. We will use reasonable efforts to return your portfolio to you at the end of our representation of you; however, you acknowledge that we are under no obligation to do so.
3) NON-EXCLUSIVE – The representation does not prevent exhibitions and sales by other galleries.
4) MUSEUMS – We will submit your portfolio to two museums when you inform us to do so in writing.
5) INSURANCE – Your artwork will be insured, while it is on our premises, to a maximum value of up to $10,000 per artwork.
6) CV / BIOGRAPHY - You may include Agora Gallery's name on your CV / biography; however, you may not otherwise use our name without our prior written approval.
7) INTERNET – Our websites are visited by approximately 150,000 visitors per month. Agora-Gallery.com - images of your artwork and artist statement will be added to our Internet site approximately 1 month prior to your exhibition and will remain on our site for approximately 3 months. In addition, we will place images of your artwork within 6 weeks after your representation begins on Art-Mine.com. Special Exhibition catalogs remain on the Agora Gallery site for at least 6 months.

### B. EXHIBITION

1) EXHIBITION – You will participate in a collective exhibition for at least three weeks with the selected space option.
2) LOCATION – Your exhibition will take place in either our SoHo or Chelsea location - to be decided by Agora Gallery.

3) ADDITIONAL EXPOSURE: Following your exhibition, we may retain, with your permission, at least one of your artworks for a period of six (6) weeks for client presentations.
4) INSTALLATION – Our team of professional installers will handle the installation of your artwork.

### C. PUBLICITY

1) Press release to be written for you by our public relations writers.
2) At least one display ad for the collective exhibition in an art publication of our choice, (i.e. Art in America, ArtisSpectrum, Gallery & Studio, NY Arts).
3) Print and mail invitation cards for the exhibition. 50 cards will be mailed to you unless specified otherwise.
4) The exhibition will be announced in a NYC art magazine listing, (i.e. Gallery Guide, M Magazine), and on our Internet site.
5) Mail your ads, listings etc. as they become available. If your exhibition is reviewed by an art publication we will mail a copy of the review to you.
6) Opening reception for the exhibition. We will mail approximately 1,500 post cards for the collective exhibition and e-mail at least 10,000 announcements.

## [2] REPRESENTATION FEE

### Basic One Year Representation – Includes Services A-C
with 10 linear feet of exhibition space
Representation Fee -----------------------------$2850
Or 6 Payment Plan -------------6 x $20 =$3120

### Standard One Year Representation – Includes Services
A-C with 20 linear feet of exhibition space, color press sheet
& individual color card
Representation Fee -----------------------------$5150
Or 6 Payment Plan -------------6 x $935 =$5610

### Premium One Year Representation– Includes Services
A-C with 40 linear feet of exhibition space, color Press Sheet, Individual color Invitation card &
1 Secured Review in a New York Art Publication
Representation Fee ----------------------------$9200
Or 6 Payment Plan -------------6 x $1685 =$9920

## [3] SALES

1) You may sell directly from your studio except to clients whom we have referred to you.
2) Neither you nor any of your other agents or representatives may quote prices, negotiate or sell any of your artwork while it is on our premises, or premises of any exhibition organized by us.
3) Your commission is 70% of the retail (list) price.
4) Commissions will be paid three (3) weeks after Agora Gallery receives payment for the sold artwork.

## [4] THE ARTIST'S RESPONSIBILITIES

1) You are responsible for all arrangements and cost of framing, initial packing, and shipping of your work to and from the gallery.
2) You agree to follow all our instructions regarding the various aspects of your exhibition.
3) You will supply us with a sufficient number of visuals as requested by us.

## [5] EXHIBITION SCHEDULING

1) Exhibitions are generally scheduled 4 to 6 months after representation begins in order to allow time for promotion, mailings, listings and advertising, unless you are either in a special exhibition or are making payments. If you have a preferred date for your exhibition, it is important that you provide us with a choice of at least three months to select from, in order for us to place your artwork in the most suitable exhibition for your work.

## [6] PLEASE NOTE

1) The fees you pay us may be a deductible business expense. Please consult with your accountant.
2) Although we take every precaution in handling your portfolio, we are not responsible for full or partial loss or any damage whatsoever to your portfolio materials (slides/photos). Notwithstanding anything contained herein to the contrary, our maximum liability hereunder for any loss, damage, costs or expenses (including attorneys' fees) sustained by you shall be the insurance proceeds received and, in any event, not greater than $10,000 in the aggregate for any such loss. In the event of any claim, dispute or litigation regarding this agreement, the parties consent to exclusive jurisdiction of the courts of the state of New York and New York law shall apply.
3) Your artwork will be featured on our web sites, however we are not liable for any technical issues (downtime, etc.) arising in connection with the website that prevents the display of your artwork.
4) We will notify you when to ship your artwork to the gallery. Please do not ship your artwork without our written approval.
5) You represent and warrant to us that you are the sole owner of the copyright of your artwork and have not granted any rights to third parties that conflict with the rights granted here.
6) In order to better serve you, please submit all requests and/or questions in writing.

Signature _____

## REPRESENTATION RATES

Agora Gallery offers three levels of gallery representation and exhibition options.

Please select one of the following options:

### Basic One Year Representation
[ ] Representation Fee ——————— $2850
or
[ ] 6 Payment Plan ———————6 x $520 =$3120

### Standard One Year Representation
[ ] Representation Fee ——————— $5150
or
[ ] 6 Payment Plan ———————6 x $935 =$5610

### Premium One Year Representation
[ ] Representation Fee ——————— $9200
or
[X] 6 Payment Plan ———————6 x $1655 =$9930

We accept credit cards, checks, money orders or a bank wire:

- All payments must be in US dollars only.
- Checks or money orders – payable to "Agora Gallery".
- Bank wire – please contact the gallery for details.
- Credit cards – please fill out the information in the next column of this agreement.

I understand that if I select a payment plan the payments will be deducted from the credit card on a monthly basis until all payments are completed.

## FORM OF PAYMENT

[ ] Check    [X] Wire Transfer
[ ] Credit Card    [ ] Money Order

Credit Card Type and Number:
[ ] Visa [ ] MC [ ] Amex [ ] Discover

V-Code:

The V-Code is the last three numbers on the signature line on the back of your credit card.
Visit: www.Agora-Gallery.com/VCode for an explanation.

Expiration date:

Name on card:

I agree to pay the amount checked on this form according to card issuer agreement.

Signature:

## CONTACT INFORMATION
PLEASE PRINT OR TYPE:

LEGAL NAME: ILANA DAVIAN ZADIK

Please print your name as you would like it to appear on all promotional material.

ILANA DAVIAN ZADIK

ADDRESS RUTH 25

CARMELYA

CITY HAIFA

STATE ISRAEL ZIP CODE 34104

COUNTRY ISRAEL

PHONE 972-48-104-190

FAX 972-48-104-190

EMAIL IZADIK@netvision.net.il

WEBSITE

## PLEASE SEND THE FOLLOWING:

1. The signed representation agreement.
2. The representation fee, in full or the first installment as specified
3. Up to 20 visuals of your artwork, slides, a CD or JPGs (you may submit images of new work during the course of your representation. You will need to submit the selected original artwork, prior to your exhibition).
4. Your price list, if you do not have an established price list, we will price your work once representation begins.
5. Your biography and artist statement.

## ART PRESENTATION CONSENT

I hereby agree and consent to images of my artwork being used, published, distributed, copied, reproduced and printed in print and on the Internet. I hereby grant to Agora the right to use, publish, distribute, copy, reproduce, print and display images of my artwork in print and on the Internet and release Agora Gallery from any claims of infringement that I may have against Agora Gallery. I hereby agree to hold Agora Gallery, it affiliates, officers, directors, members, employees and agents harmless from and against any losses, damages, costs and expenses (including reasonable attorneys' fees) arising in connection with any claim that my artwork infringes upon the rights of any third party.

I understand that visuals (slides/photos) of my artwork may be distributed to (a) galleries, art publications and magazines ("Publishers") that may use my artwork in their own publications; and (b) various prospective buyers such as corporations, interior designers and art-consultants. I hereby grant such Publishers the right to use my artwork in their own publications and will not hold Agora Gallery or the Publishers liable for any infringement of my copyright.

Please note - We have been providing artists with career promotion since 1984 and we are not aware of any infringement of our artists' artworks. Notwithstanding the foregoing, we do not make any representation or warranty of any kind (express or implied) that a third party will not violate your copyrights. While there is risk that third parties will violate an artist's copyright, it may be difficult to sell your artwork or advance your career without using, publishing, distributing or displaying images of your artwork.

ARTIST'S SIGNATURE    Date

DIRECTOR'S SIGNATURE    Date

EXHIBIT 2



# Answers.com™
### Business & Finance

**Library**

http://www.answers.com/topic/portfolio-bir-fn

Page Tools ▼ Personalize

[portfolio] [Search ▼]

Results for: portfolio

On this page: [Select Article]

Dictionary: **portfolio** (pôr-fō'lē-ō', pōrt-) 🔊

Sponsored Links

**Portfolio**
Straightforward Pricing. Powerful tools. Sign up now at TD AMERITRADE
TDAMERITRADE.com

**Portfolio**
Wide Variety for Art & Graphics. Competitive Prices, Fast Shipping
Portfolios-and-Art-Cases.com

*n., pl. -os.*

1.
   a. A portable case for holding material, such as loose papers, photographs, or drawings.
   b. The materials collected in such a case, especially when representative of a person's work: *a photographer's portfolio; an artist's portfolio of drawings.*
2. The office or post of a cabinet member or minister of state.
3. A group of investments held by an investor, investment company, or financial institution.

[Italian *portafoglio* : *porta-*, from *portare*, to carry, from Latin *portāre* + *foglio*, sheet (from Latin *folium*, leaf).]

ADVERTISEMENT

# Free Small Cap Newsletter

## Jonathan Lebed

Brilliant stock picker since sure 12

# Subscribe Now!
www.lebed.biz

### Tackle These

* 2 Construct a portfolio limiting your selections to mutual funds assume that I sell my current ...
* If you make investment in investment portfolio and loan portfolio then what is the impact of ...
* ... to imply the advantages of using ...
* Is a diversified portfolio with a beta of 2 twice ...

EXHIBIT 3

*Antonia Pereira*

**THIS FORM MUST BE SIGNED AND RETURNED TO SECURE YOUR UPCOMING EXHIBITION**

# Agora
## Gallery
SoHo • CHELSEA
NEW YORK CITY
212.226.4151 Fax:212.966.4380
WWW.AGORA-GALLERY.COM
WWW.ART-MINE.COM

8/30/2005

Dear Ilana Dayan Zadik

We are pleased to inform you that your exhibit has been scheduled.

Title of Exhibition:        **Period 11**

Exhibition Dates:        Friday, November 11, 2005 – Thursday, December 01, 2005

Opening Reception:        Thursday, November 17, 2005, 6-8pm

Your artwork should be delivered on: Friday, November 04, 2005 (between) 11 AM - 5 PM

Your artwork should be delivered to: 530 West 25th st. 2nd floor, New York NY, 10001

Hand deliveries – artwork will be taken on: Saturday, December 03, 2005 (between) 11 AM-5 PM

Please note: In order for us to hold a successful exhibition we must follow a strict timetable. We might need to remove you from the above exhibition if the forms are not returned by the deadline.

Please read and sign the attached forms and return them by Tuesday, September 06, 2005.

Fax the signed forms to (212) 966-4380 or email back the scanned forms

Enclosed is the Framing Info. Sheet. Please note that shipping your artwork either rolled or flat can prove to be very economical.

Thank You,
Antonia Pereira
Exhibition Coordinator

**I HEREBY CONFIRM MY PARTICIPATION IN THE UPCOMING EXHIBITION.**
I understand that shipping of the artwork, to and from, the Gallery is my full responsibility. Even though Agora Gallery Inc. may help me with the return shipping of my artwork, it assumes no responsibility for any damage or loss, for any reason by any person or entity whatsoever. I understand that Agora Gallery, its employees, and assignees are not liable for any damage that may occur as a result of improper packing of the artwork: including, but, not limited to, damage which may occur to an artwork as a result of being rolled or from the stretching and/or unstretching of the artwork.

SIGNATURE   *Ilana Dayan Zadik*        DATE   09 09 05

**PLEASE MAKE A PHOTOCOPY OF ALL THE FORMS FOR YOUR RECORDS**

*Antonio Pereira*

# Shipping Information form

**Agora Gallery**
SoHo • CHELSEA
NEW YORK CITY
212-226-4151 FAX:212-966-4380
WWW.AGORA-GALLERY.COM
WWW.ART-MINE.COM

## Arriving artwork will be:
[ ] hand delivered [X] shipped to the gallery

Shipping Company will be (if shipped to the gallery)
[ ] UPS [ ] DHL [ ] FedEx [ ] Other   *Dont know yet I will inform you*

## Unsold artwork will be:
[ ] Picked up by the artist,   *Picked up by an authorized representative of the artist (fill attached form)*
[X] shipped to the gallery

Shipping Company will be (if shipped by the gallery)
[ ] UPS [ ] DHL [ ] FedEx [ ] Other   *I will inform you about the company when I will decide*

Insurance amount: $_____   Shipping Method: [ ] Fastest [ ] Most Economical
Return shipping address _____

Name and Address _____

Zip code _____ Country _____ Telephone number _____

## It is your responsibility to pay for the shipping of your artwork.
Depending on the shipping company we will either charge your card for the expense and then pay the shipping company or we will pay the shipping company using your credit card

I authorize Agora Gallery to charge my credit card to all shipping related expenses as per the credit card holder agreement.   *Dont charge I will pay the shipping company in advance to pick up my work*

Credit Card Type [ ] Visa [ ] MC [ ] Amex [ ] Discover

Credit Card #:_____   V-Code:_____   Exp. Date: _____
The V-Code is the last three digits on the signature line on the back of your credit card.

Or – Provide us with a shipper account number if you have one with the shipping company _____

## PLEASE NOTE THE FOLLOWING:
- Agora Gallery is not responsible for your work while it is in transit, to or from the gallery, and in the hands of the shipping companies. Please arrange for insurance with your carrier. We will place insurance on the returned artwork for the amount indicated by you on this form.

- Wooden crates are not allowed and will be refused without prior written authorization by the gallery.

- Artwork must be picked up or shipped out after the exhibition. Artwork that remains at Agora Gallery after the retrieval date will not be insured and will be transferred to our storage facility located outside of the gallery. You will be responsible for any costs associated with the handling of artwork left at Agora Gallery after the retrieval date. This includes the transportation to off-premises storage and storage fees.

- Artwork left for more then 45 days after the exhibition pick up date, without a written gallery authorization, will become property of Agora Gallery.

lease contact the Exhibitions Coordinator if you have any questions.

have read and understood the above instructions

Name: ILANA DAYAN ZADIK   Signature: _____   Date: 09.09.05

EXHIBIT 4

Windows Live Hotmail Print Message

 Windows Live™

---

## emails 2

**From:** noa1983 (noa1983@nana10.co.il)
**Sent:** Wed 9/19/07 5:36 PM
**To:** ilanadz@hotmail.com

---

מאת: noa1983@nana.co.il
נשלח: ג 17/01/2006 21:47
אל: Angela Di Bello
נושא: RE: ILANA DAYAN ZADIK

DEAR ANGELA

I HOPE THIS FINDS YOU WELL
I AM SO HAPPY TO RECIEVE YOUR ANSWER THANK YOU SO VERY MUCH FOR YOUR CONSIDERATION
I AM SIMPLY AMAZED BY YOUR KINDNESS. THANK YOU FOR UNDERSTANDING THE SITUATION I AM
IN . YOU ARE ALL VERY KIND . AS I SAID BEFORE I WILL TRY TO TRANSFER YOU THE MONEY THE
FIRST CHANCE I GET , YOU ARE MY FIRST PRIORATY

, BEST REGARDS
ILANA DAYAN ZADIK

---

מאת: [Angela Di Bello [mailto:Angela@agora-gallery.com
נשלח: ש 14/01/2006 20:46
אל: noa1983@nana.co.il
נושא: FW: ILANA DAYAN ZADIK

D ear Ilana,

I am sorry to learn that you are going through such a difficult time. Try to do what you can, it may
just take a while. In the meantime we will continue to try and sell some of the paintings.

Best regards,

Angela Di Bello

---

**From:** noa1983 [mailto:noa1983@nana.co.il]
**Sent:** Tuesday, January 10, 2006 12:02 PM
**To:** angela@agora-gallery.com
**Cc:** AG@Agora-gallery.com
**Subject:** ILANA DAYAN ZADIK

### DEAR ANGELA

EXHIBIT 5

Windows Live™

**Insurance claim**
**From: Ariel Kahana** (ArielK@agora-gallery.com)
**Sent: Mon 8/20/07 3:24 PM**
**To: Ilanadz@hotmail.com**
**Cc: Rosemary Speiser (Rosemary_Speiser@asg.aon.com)**

Dear Ilana Zadik Dayan,

I have filled a claim with my insurance carrier regarding the matter of your artwork and they will contact you soon.

Best regards,

Ariel Kahana

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

ILANA DAYAN ZADIK

V.

**SUMMONS IN A CIVIL ACTION**

AGORA GALLERY and ARIEL KAHANA

CASE NUMBER:

TO: (Name and address of Defendant)

AGORA GALLERY
530 West 25th Street, New York, NY 10001

ARIEL KAHANA
733 Amsterdam Avenue, New York, NY 10025

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

KAYE SCHOLER LLP
Regina O. Kent, Esq.
Arlene Harris, Esq.
425 Park Avenue
New York, NY 10022

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                 DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                         Date                                    *Signature of Server*


                                                          _____
                                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ILANA DAYAN ZADIK | AGORA GALLERY 530 West 25th Street, NY, NY 10001<br>ARIEL KAHANA 733 Amsterdam Avenue, NY, NY 10025 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| KAYE SCHOLER LLP 425 Park Avenue NY, NY 10022<br>(212) 836-8000 | Regina O. Kent, Esq.<br>Arlene Harris, Esq. |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This breach of contract action is being filed pursuant to 28 USC 1332(a); the action is between a citizen and resident of Israel, and citizens of the State of New York and companies incorporated in or doing business in the State of New York.

Has this or a similar case been previously filed in SDNY at any time? No [X] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

### ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [X] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

### ACTIONS UNDER STATUTES

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

---

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO    NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)*  **ORIGIN**

☒ 1 Original Proceeding    ☐ 2a. Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is a pro se litigant

*(PLACE AN x IN ONE BOX ONLY)*  **BASIS OF JURISDICTION**    *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [☒] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [☒] 3  [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4  [☒] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

ILANA DAYAN ZADIK
Ruth 25, Haifa,
Israel, 34404

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

AGORA GALLERY
530 West 25th Street, New York, NY 10001

and

ARIEL KAHANA
733 Amsterdam Avenue, New York, NY 10025

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
April 21, 2008    [signature]    [ ] NO
RECEIPT #    ☒ YES (DATE ADMITTED Mo. Feb  Yr. 2005 )
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)